David F. Sugerman, OSB # 862984
Nadia H. Dahab, OSB # 125630
SUGERMAN LAW OFFICE
707 SW Washington St., Ste. 600
Portland, OR  97205
Tel: 503-228-6474
Fax: 503-228-2556
david@sugermanlawoffice.com
nadia@sugermanlawoffice.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| PATSY H. MCMILLAN, Individually and On Behalf Of All Others Similarly Situated, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **CLASS ACTION ALLEGATION** |
| | ) **COMPLAINT** |
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | ) |
| Defendant. | ) Breach of Contract; Conversion |
| | ) <u>DEMAND FOR JURY TRIAL</u> |
| | ) |

**<u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Patsy H. McMillan ("Plaintiff"), individually and on behalf of all others similarly

situated, for her Class Action Complaint against Defendant Genworth Life and Annuity Insurance

Company ("Defendant" or "Genworth"), states and alleges as follows:

## INTRODUCTION

1.      This is a class action for breach of contract and conversion to recover amounts that Defendant has charged and collected from Plaintiff and members of a class of life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2.      The terms of Plaintiff's life insurance policy provide for an "Accumulated Value" consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years, Defendant has deducted monies from Plaintiff's Accumulated Value in breach of her policy's terms.

3.      Defendant is contractually bound to deduct only those charges that are explicitly identified and authorized by the terms of its life insurance policies. Despite the unambiguous language of the policy, which is a fully integrated agreement, Defendant deducts charges from the Accumulated Values of Plaintiff and the proposed class in excess of amounts specifically permitted by their policies.

4.      Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Accumulated Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar on which policy owners earn interest and one less dollar that can be: applied to cover future policy costs; used to increase the death benefit; used as collateral for policy loans; or withdrawn as cash.

5.      Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "Class"):

> All persons who own or owned an universal life insurance policy issued by Federal Home Life Insurance Company, the terms of which provide or provided for: 1) a charge or deduction calculated using a rate that is based on the insured's age, sex, and/or rate class, and any change of which will be based on future expectations in mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

## PARTIES

6.      Plaintiff Patsy H. McMillan is an individual and resident of the State of Oregon.

7.      Defendant Genworth Life and Annuity Insurance Company is a life insurance company organized and existing under the laws of the State of Virginia, and maintains its principal place of business in Richmond, Virginia.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed Class contains more than 100 members.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this District in that, in 1997, Plaintiff maintained residence in this District, signed the Policy in this District, signed the application for life insurance in this District, made the initial premium payments in this District, and established the contract with Defendant in this District.

## INTRADISTRICT ASSIGNMENT

10.     Assignment to the Medford Division is proper under Local Rule 3-2(a)(4) because a substantial part of the events or omissions giving rise to the claims occurred in Klamath County.

## FACTUAL BACKGROUND

11.     Plaintiff purchased from Federal Home Life Insurance Company a flexible premium adjustable insurance policy on Form FEL6P93, bearing the policy number 54-06545628, and a policy date of June 5, 1997, with an initial specified amount of $500,000.  A true and accurate copy of Plaintiff's policy (the "Policy") is attached hereto as Exhibit A and incorporated herein by reference.

12.     Effective January 1, 2007, Federal Home Life Insurance Company merged into Defendant Genworth, making Genworth the effective and liable insurer of the Policy.

13.     Plaintiff has always been the "owner" under the Policy.

14.     The Policy is a valid and enforceable contract between Plaintiff and Defendant.

15.     The Policy constitutes the entire contract of insurance, including the initial application and any later applications required for changes to the policy or its additional benefit riders  Ex. A at p. 7.

16.     The terms of the Policy are not subject to individual negotiation and are materially the same for all policy owners.  They cannot be altered by an agent's representations at the time of sale.

17.     The Policy provides that, "[o]nly [Defendant's] Officers shall have the authority to bind [Defendant] or to make any change in this policy," and Defendant "will then only be bound if agreed in writing."  Defendant "will not be liable for any promise or representation made by or to any other persons." Ex. A at p. 7.

18.     Defendant has administered and currently administers all aspects of the Policy, and all policies that fall within the Class definition set forth above (together, the "Policies"), including collecting premiums, and setting, assessing and deducting policy charges.

19.    In additional to a death benefit, the Policies provide policy owners a savings or interest-bearing component that is identified in the Policies and throughout this Complaint as the "Accumulated Value." Under the terms of the Policies, the Accumulated Value consists of an interest-bearing account that accumulates over time.

20.    Generally speaking, premium dollars are deposited into the Accumulated Value, from which Defendant deducts those monthly charges authorized by the terms of the Policies.

21.    The money that makes up the Accumulated Value is the property of the policy owner and is held in trust by Defendant.

22.    Defendant may access and withdraw funds from the Accumulated Value only as expressly authorized by the Policies.

23.    The Policies expressly define the specific charges that Defendant may assess and deduct from a given policy owner's Accumulated Value. Defendant may deduct only those charges allowed by the Policies.

24.    For instance, the Policy authorizes Defendant to take a "Monthly Deduction" from the policy owner's Accumulated Value each month.  Ex. A at p. 11.

25.    The Policy expressly defines the Monthly Deduction as follows:

**Monthly Deduction.**  The monthly deduction for a month equals:

1.    [T]he monthly cost of insurance for this policy; plus
2.    [T]he monthly cost of any attached Riders; plus
3.    [T]he monthly administrative charge shown on the Policy Schedule.

Ex. A at p. 11.

26.    The Policy states that the monthly administrative charge ("Administrative Charge") is $3.00 and the "Maximum Expense Charge" is "ZERO."  Ex. A at p. 3.

27.    The Policies also expressly define how the charge for the monthly "Cost of Insurance" ("Cost of Insurance Charge") is determined and calculated. Plaintiff's Policy provides, in part:

> **Cost of Insurance.** The monthly cost of insurance is calculated on the issue date and each Monthly Anniversary Day.  It is part of the monthly deduction.  It equals the net amount at risk times the monthly cost of insurance rate per 1,000 divided by 1,000…
>
> The monthly cost of insurance rate is based on the Insured's Attained Age and rate class. Any change in the monthly cost of insurance rates will apply to all individuals of the Insured's same class and be based on future expectations in mortality. The monthly cost of insurance rate will never be greater than that shown in the Table of Guaranteed Maximum Monthly Insurance Rates on the Policy Schedule…

Ex. A at p. 12.

28.    Thus, under the explicit terms of the Policy, Defendant is authorized to base its "Cost of Insurance Rates" on the Insured's attained age and applicable rate class, and any changes to Cost of Insurance Rates will be based on future expectations in mortality.  Ex. A. at p. 12.

29.    Attained age and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

30.    Because the Policy specifically identifies attained age, rate class, and future expectations in mortality in reference to the Policy's Cost of Insurance Rate, the parties agreed that mortality expectations are what determine the Cost of Insurance Rates under the Policy.

31.    Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policyholders' Accumulated Values, including specifically, Cost of Insurance Charges that are calculated using rates that Defendant must determine based on explicitly identified mortality factors, and separate administrative or other expense charges or deductions in fixed and/or capped amounts.

32.    Given the language of the Cost of Insurance Rates' provisions in the Policies, and their context in the Policies as a whole, no reasonable layperson would expect that the Policies permit Defendant to use any factor it wanted to determine Cost of Insurance Rates for the Policies. A reasonable layperson would instead read policy year, age, and rate class, in combination with the contractual limitation that rates can only be adjusted for "future expectations in mortality," to mean that only mortality expectations are used to determine Monthly Cost of Insurance Rates for the Policies.

33.    Although the Policies authorize Defendant to use only certain, specified factors in determining Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policies, when determining those rates, including, without limitation, non-mortality related expenses.

34.    By including these factors in Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies and, as a result, withdraws Cost of Insurance Charges from policy owner Accumulated Values in amounts greater than what is permitted by the Policies.

35.    By loading these unauthorized factors in Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies and impermissibly inflates those rates.

36.    As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged, and those damages are continuing in nature in that Defendant has deducted and will continue to deduct unauthorized Cost of Insurance Charges from policy owners' Accumulated Values.

37.    By including undisclosed expense factors in Cost of Insurance Rates, including without limitation administrative expense factors, Defendant repeatedly and continuously breaches the Policies by impermissibly deducting amounts from the Accumulated Values of Plaintiff and

the Class in excess of the fixed and maximum expense charges expressly authorized by the Policies.

38.     As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses from the Accumulated Values of Plaintiff and the Class in amounts not authorized by the Policies.

39.     The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from their Accumulated Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policies. The Cost of Insurance Rates used to calculate the monthly Cost of Insurance Charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

40.     Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of Defendant's superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements that identified each month's Cost of Insurance Charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Despite reasonable diligence on her part, Plaintiff was kept ignorant by Defendant of the factual bases for these claims for relief. Defendant's withholding of material facts concealed these claims and tolled all applicable statutes of limitation.

41.     Plaintiff reasonably relied to her detriment on Defendant's fraudulent concealment of its violations. As a result of such concealment, Plaintiff did not believe that it was necessary to

file a lawsuit. Plaintiff did not discover, and exercising reasonable diligence could not have discovered, the facts establishing Defendant's breaches or the harm caused thereby. Plaintiff did not learn of Defendant's breaches of the Policy supporting her claim until approximately October, 2019 when she engaged counsel.

42.    Defendant is estopped from asserting a statute of limitations defense, Defendant's conduct in failing to disclose the true factors it was using to calculate the Cost of Insurance Rates misled Plaintiff and prevented her from learning of the factual bases for these claims for relief. Plaintiff proceeded diligently to file suit once she discovered the need to proceed.

## CLASS ALLEGATIONS

43.    Plaintiff brings this lawsuit under Fed. R. Civ. P. 23, on behalf of herself and as a representative of the following Class:

> All persons who own or owned an universal life insurance policy issued by Federal Home Life Insurance Company, the terms of which provide or provided for: 1) a charge or deduction calculated using a rate that is based on the insured's age, sex, and/or rate class, and any change of which will be based on future expectations in mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

44.    Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, any Judge to whom this case is assigned, and the Judge's immediate family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant uses to calculate its rates and charges.

45.    Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements for class treatment under Rules 23(b)(1), (b)(2), and (b)(3).

46.    The numerosity requirement is satisfied because there are thousands of Class members who are geographically dispersed, making joinder impracticable, and the disposition of Class member claims in a single action will provide a substantial benefit to all parties and to the Court.

47.    Class members are ascertainable from information and records in Defendant's possession, custody, or control.  Notice of this action can therefore be readily provided to the Class, via first class mail, using information contained in Defendant's records.

48.    Plaintiff's claims are typical of the claims of the Class, because the express terms of the Policies purchased from Defendant by Plaintiff and proposed Class members contain the same or similar limitations on the amounts Defendant can charge under the Policies.

49.    Plaintiff will fairly and adequately represent the Class because she is a member of the Class and her interests are aligned with, and do not conflict with, the interests of those she seeks to represent.  The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel, who have extensive experience prosecuting complex class litigation.

50.    There are questions of fact and law common to the Class that predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

   a.    Whether Defendant is permitted by the Policies to base determination of the Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions on factors other than those disclosed;

b.  Whether Defendant added, included, or relied on factors not specified in the Policies when determining the Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions;

c.  Whether Defendant added, included, or relied on factors unrelated to the identified mortality factors in setting and determining rates that the Policies provide are based on specified mortality factors and no others;

d.  Whether Defendant charged amounts in excess of those specifically authorized by the Policies;

e.  Whether Defendant breached the terms of the Policies;

f.  Whether the Class sustained damages as a result of Defendant's breaches of contract;

g.  Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's breaches of contract; and

h.  Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

51.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Class members. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of these claims. Even if Class members could afford to pursue individual litigation, the court system could not. Individualized litigation would risk inconsistent or contradictory judgments while increasing the delay and expense to all parties, and to the judicial system, from the complex legal and factual issues presented here. By contrast, the class action device presents

far fewer management difficulties, and provides the benefits of single adjudication, an economy

of scale, and comprehensive supervision by a single court.

52.    Defendant has acted or refused to act on grounds generally applicable to Plaintiff

and Class members, making final injunctive relief and declaratory relief appropriate with respect

to the Class as a whole.

## <u>COUNT I: BREACH OF CONTRACT</u>

### (Cost of Insurance Charge)

53.    The preceding paragraphs are incorporated by reference as if fully alleged herein.

54.    Plaintiff and the Class purchased life insurance policies—defined herein as the

Policies—from Defendant.

55.    The Policies are valid and enforceable contracts between the Defendant and

Plaintiff and Class members.

56.    Plaintiff and the Class substantially performed their obligations under the terms of

the Policies.

57.    By determining Cost of Insurance Rates inconsistent with the terms of the Policies

and including unauthorized factors in Cost of Insurance Rates, Defendant impermissibly causes

those rates to be higher than what is explicitly authorized by the Policies.

58.    Because Defendant calculates Cost of Insurance Charges inconsistent with the

terms of the Policies, including using Cost of Insurance Rates that are higher than those authorized

by the Policies, Defendant has deducted Cost of Insurance Charges from the Accumulated Values

of Plaintiff and the Class in amounts greater than those authorized by the Policies.

59.    Defendant's practice of deducting charges in amounts not authorized by the Policies

constitutes a breach of the Policies.

60.     As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT

### (Expense Charge)

61.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

62.     By loading Cost of Insurance Rates with undisclosed and unauthorized expenses, Defendant impermissibly deducts expenses from the Accumulated Values of Plaintiff and the Class in amounts in excess of the fixed and maximum expense charges expressly authorized by the Policies.

63.     By deducting unauthorized expense charges from the Accumulated Values of Plaintiff and the Class, Defendant has breached the Policies.

64.     As direct and proximate result of Defendant's breaches, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT III: CONVERSION

65.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

66.     Plaintiff and the Class had a property interest in the funds Defendant deducted from their Accumulated Values in excess of the amounts permitted by the terms of the Policies.

67.     Defendant intentionally and substantially interfered with that property interest.  By deducting Cost of Insurance Charges and expense charges in unauthorized amounts from the Accumulated Values of Plaintiff and the Class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds placed in the custody of Defendant for the benefit of Plaintiff and the Class, without authorization or consent and in hostility to the rights of Plaintiff and Class members.

68.     Defendant continues to retain these funds unlawfully. At no time did Plaintiff or any Class member consent to such wrongful retention of funds by Defendant.

69.     Defendant's wrongful exercise of control over the personal property of Plaintiff and Class members constitutes conversion.

70.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged, and these damages are continuing in nature.

71.     Although requiring expert testimony, the amounts of unauthorized Cost of Insurance Charges and expense charges Defendant took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance Charge each month to a Cost of Insurance Charge computed using a Cost of Insurance Rate determined based on the mortality factors provided for in the Policies.

72.     Defendant intended to cause damage to the Plaintiff and the Class by deducting more from their Accumulated Values than was authorized by the Policies.

73.     By reason of the foregoing, Plaintiff and Class members are entitled to recover from Defendant all damages and costs permitted by law, including all amounts Defendant has wrongfully converted.

## COUNT IV: DECLARATORY AND INJUNCTIVE RELIEF

74.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

75.     An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

76.     Plaintiff contends that Defendant has breached the Policies in the following respects:

a.  By using unauthorized and undisclosed factors to compute the Cost of Insurance Rates under the Policies, Defendant impermissibly increased Cost of Insurance Rates for the Policies and, as a result, withdraws Cost of Insurance Charges from the Accumulated Values of Plaintiff and the Class in amounts greater than those authorized by the Policies; and

b.  By inflating Cost of Insurance Rates under the Policies with expense factors, including without limitation, administrative and other expense factors, that are not disclosed as being used to determine those rates, Defendant impermissibly deducted expense charges from the Accumulated Values of Plaintiff and the Class in amounts in excess of the fixed and maximum expense charges expressly authorized by the Policies.

77.     Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policies so that future controversies may be avoided.

78.     Pursuant to a declaration of the parties' respective rights and duties under the Policies, Plaintiff further seeks an injunction: (1) temporarily, preliminarily, and permanently enjoining Defendant from continuing to engage in conduct in breach of the Policies, and from continuing to collect unlawfully inflated charges in violation of the Policies; and (2) ordering Defendant to comply with terms of the Policies in regards to its assessment of charges against Plaintiff and Class members' Accumulated Values.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief as follows:

(a)  That the Court enter an order certifying the class, appointing Plaintiff as a representative of the Class, appointing Plaintiff's counsel as Class counsel; and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the Class;

(b)  For a judgment against Defendant for the causes of action alleged against it;

(c)  For compensatory damages in an amount to be proven at trial;

(d)  For punitive and exemplary damages;

(e)  For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policies;

(f)  For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policies;

(g)  For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(h)  For Plaintiff's costs incurred; and

(i)  For such other relief in law or equity as the Court deems just and proper.


Dated: January 21, 2021.

          /s/ David F. Sugerman
David F. Sugerman, OSB # 862984
Nadia H. Dahab, OSB # 125630
SUGERMAN LAW OFFICE
707 SW Washington St., Ste. 600
Portland, OR  97205
Tel: 503-228-6474
Fax: 503-228-2556
david@sugermanlawoffice.com
nadia@sugermanlawoffice.com

Norman E. Siegel *(pro hac vice forthcoming)*
siegel@stuevesiegel.com
Ethan Lange *(pro hac vice forthcoming)*
lange@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    816-714-7100
Fax:    816-714-7101

John J. Schirger *(pro hac vice forthcoming)*
jschirger@millerschirger.com
Matthew W. Lytle *(pro hac vice forthcoming)*
mlytle@millerschirger.com
Joseph M. Feierabend *(pro hac vice forthcoming)*
jfeierabend@millerschirger.com
MILLER SCHIRGER, LLC
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel: 816-561-6500
Fax: 816-561-6501

*Attorneys for Plaintiff*